UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:03-CR-591CAS |
| ) | |
| KEITH SENNIE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case is before the Court on defendant Keith Sennie's pro se motion for jail time credit pursuant to 18 U.S.C. § 3585(b). The government opposes the motion, arguing Sennie has failed to exhaust his administrative remedies.

This Court lacks the authority to grant the relief requested by defendant. A § 2241 habeas is the proper way to challenge a failure to credit a defendant for time served in pretrial detention, but only after his administrative remedies have been exhausted by first presenting the claim to the Bureau of Prisons ("BOP"). United States v. Chappel, 208 F.3d 1069 (8th Cir. 2000). The BOP is the petitioner's "custodian" for purposes of calculating the pretrial detention credit. Therefore, the BOP, not the district court, determines the credit for time served. United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004).

The BOP does not maintain a regional office in the Eastern District of Missouri, and such an actions must therefore be filed (1) in the district where the petitioner is confined; (2) in the United States District Court for the District of Columbia; or (3) in any district in which the BOP maintains a regional office. Chappel, 208 F.3d at 1069.

Because there is no indication that the defendant has exhausted his administrative remedies by first presenting his claim to the BOP, this Court will deny the motion without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Keith Sennie's pro se motion for jail time credit is **DENIED without prejudice**. (Doc. 32)

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 17th day of April, 2006.